IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL BRANDT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>        Defendant. | Civil No. 08-0658-TC<br><br>OPINION AND ORDER<br>AWARDING FEES PURSUANT<br>TO THE EQUAL ACCESS TO<br>JUSTICE ACT |

COFFIN, Magistrate Judge:

    Plaintiff, Michael Brandt, applies for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for time that his attorney, Rory Linerud, expended on appealing to this court the Commissioner's final decision denying plaintiff's disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. (Doc. 20.) The Commissioner opposes plaintiff's motion for attorney fees, urging the court to completely deny the motion or, in the alternative, to award reduced fees. Having carefully reviewed the parties filings and

considered their arguments and the relevant legal authority, the court GRANTS plaintiff's motion, with a reduction in fees, for the following reasons.

## Background

On March 23, 2009, this court approved a stipulation and order remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On April 22, 2009, plaintiff filed a motion requesting an award of Mr. Linerud's fees in the amount of $8,489.46, based on 51 hours of work at a rate of $166.46 per hour. (Docs. 20 & 21.) This amount includes 2 hours for drafting the EAJA fee motion and supporting declaration.

The Commissioner opposes plaintiff's fee application on the grounds that the application is supported by unreliable billing records. (Doc. 22.) Specifically, the Commissioner points out that Mr. Linerud uses block billing and has submitted substantially similar billing records in numerous cases before this court, regardless of the complexity of the case. The Commissioner further contends that Mr. Linerud's practice of billing in quarter-hour increments results in a request for compensation for hours not reasonably expended on this matter. Id.

## Analysis

**I.    Plaintiff's Entitlement to Award of Attorney Fees**

The EAJA provides in pertinent part:

Except as otherwise specifically provided by statute, a

2 Opinion and Order

> court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, plaintiff received a sentence-four remand and is the prevailing party under EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)(stating that it is settled law that a plaintiff who receives a remand under sentence four is a prevailing party for EAJA purposes). Despite plaintiff's prevailing party status, the Commissioner argues that Mr. Linerud's "fundamentally unreliable" billing records are special circumstances that make an attorney fee award unjust. (Doc. 22 at p. 3.)

To support his argument, the Commissioner created 3 tables that included 16 cases Mr. Linerud filed in this Court from April 2008 to present. The tables highlight that, despite differences in case size and complexity, the billing in each of the sixteen cases was almost identical. Id. at 3-6. For example, in an action with a 730 page transcript where Mr. Linerud did not represent the plaintiff at the agency level and wrote a 23 page brief, Mr. Linerud claimed 50.50 hours. In a different action with a 201 page transcript where Mr. Linerud did represent the plaintiff at the agency level and wrote a 17 page brief, Mr. Linerud claimed 52.50 hours. In both of these case-the one with

3 Opinion and Order

a 730 page transcript and the one a 201 page transcript, Mr. Linerud block billed three hours for reviewing the transcripts and files. *Id.* at 6. Mr. Linerud counters the Commissioner's argument with an assertion that it takes him the "same amount of time virtually every time [he] perform[s] various tasks" and that for each case he allocates an entire morning to review the nature of the case and the facts. (Doc. 24 at 9.)

The Commissioner has established that Mr. Linerud has engaged in a troubling pattern of substantially similar block billing with seemingly no regard for the unique features of his cases-the length of the transcript or his familiarity with the underlying issues. The Commissioner has not, however, established that Mr. Linerud's block billing practice is a special circumstance that makes an award of attorney fees to plaintiff unjust. <u>Yang v. Shalala</u>, 22 F.3d 213, 217 (9th Cir. 1994); <u>see also</u>, <u>Herrington v. County of Sonoma</u>, 833 F.2d 739, 744 (9th Cir. 1989)("[t]he defendant has the burden of showing special circumstances warrant a denial of fees, and the defendant's showing must be a strong one.") Accordingly, I find that plaintiff is entitled to fees <u>reasonably</u> incurred in the course of litigating this matter.

II. **Reasonable Attorney Fees**

The award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). To determine a reasonable attorney fees award, this circuit uses the "lodestar" calculation-the number of hours reasonably expended multiplied by

4 Opinion and Order

a reasonable hourly rate. Widrig v. Apfel, 140 F.3d 1207, 1209)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Hours that are excessive, redundant, or otherwise unncessary should be excluded from an award of fees. Hensley, 461 U.S. at 434.

### A. Reasonable Hourly Rate

Under the EAJA, attorney fees are set at a market rate but capped at $125 an hour. 28 U.S.C. § 2412(d)(2)(A). Thus, to award a rate of more than $125 an hour, a court must find that an "increase in the cost of living or a special factor...justifies a higher fee." See id. In his declaration in support of plaintiff's application for EAJA fees, Mr. Linerud states that a $166.46 per hour rate reflects an increase in the cost of living since the enactment of the EAJA as shown by the Consumer Price Index. (Doc. 21 at 2.) The Commissioner does not quarrel with the increased rate.[1] Generally, courts have been willing to increase fee awards under the EAJA to reflect an increase in the cost of living. Nugent v. Massanari, 2002 WL 356656 *2 n. 3 (N.D. Cal. 2002.) I find that the requested rate reflects the statutory rate plus $41.46 to account for the increase in the cost of living as shown by the Consumer Price Index and grant plaintiff's request for reimbursement at a rate of $166.46 per hour.

### II. Reasonable Hours Billed

---

[1] In his objection, the Commissioner makes no mention of plaintiff's request for attorney fees above the statutory cap.

5 Opinion and Order

A. **Block Billing**

The fee applicant bears the burden of documenting the number of hours expended in litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 434; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). Block billing "lumps together multiple tasks making it impossible to evaluate their reasonableness." Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004). A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended. Hensley, 461 U.S. at 437. Fee applicants who fail to meet this burden do so at their own peril. Where billing records are lacking in detail, a reviewing court may reduce the fee to a reasonable amount. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000)(holding that a district court may reduce hours to offset "poorly documented" billing).

Here, plaintiff requests attorney fees for 29.25 block billed hours:

1. 3.00 hours-Reviewed ALJ decision, Action of Appeals Council and consulted file regarding need to pursue Federal appeal
2. 3.00 hours-Prepared Summons, Complaint, Civil Cover Sheet with Attachment
3. 10.50 hours-Researched legal issues and prepared outline of legal arguments for Plaintiff's Brief
4. 10.75 hours-Proofing, correcting, re-drafting Plaintiff's Brief
5. 2 hours-Drafted EAJA Application, Affidavit of Counsel, and Itemized Invoice for legal services

(Doc. 21 at 3-5.) I consider the block billed hours separately from the itemized billings in order to adequately explain

6 Opinion and Order

"how...the reduction...fairly balance[s]" the hours that were actually billed in block format. See <u>Soreson v. Mink</u>, 239 F.3d 1140, 1146 (9th Cir. 2001). To further complicate matters, Mr. Linerud lumps clerical tasks into the hours he block billed. In one 3 hour block, Mr. Linerud mixes the attorney task of preparing the Complaint and the clerical tasks of preparing a summons and civil cover sheet with attachment. (Doc. 21 at 3, service dated 5/28/08.) In another 3 hour block, Mr. Linerud includes the attorney tasks of drafting an EAJA application and affidavit of counsel in the same block with the clerical task of preparing an itemized invoice for legal services. <u>Id</u>. at 5, service dated 3/23/09.)

Mr. Linerud attempts to justify including traditionally clerical functions in his attorney billing by stating that he performs "all aspects of legal representation for clients..." and that he does not utilize any paralegal or assistants for any task, "including...typing, copying, mailing, filing, talking with clients regarding their case, scanning documents to convert them to PDF format, traveling to retrieve mail, and mail items to the Court or other parties, traveling to file matters with the Court and electronic filing." (Doc. 24 at 4.) This represents a grave failure to show good billing judgment on Mr. Linerud's part.

It is well settled that costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate and are not properly reimbursable. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n. 10 (1989)("purely

7 Opinion and Order

clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate regardless of who performs them [the] dollar value [of a clerical task] is not enhanced just because a lawyer does it"(internal citation omitted)); Frevach Land Co. v. Mulnomah County, 2001 WL 34039133 (D.Or. Dec. 18 2001)(inappropriate according to practices "prevailing...in [the District of Oregon]to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks"); Gough v. Apfel, 133 F.Supp.2d 878 (W.D.Va. 2001)("[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as [EAJA] attorney fees). Mr. Linerud's decision to perform all aspects of legal representation is left to his discretion. "[I]t is another decision entirely to...seek fees under a fee-shifting statute for purely secretarial tasks." Frevach, 2001 WL 34039133 (D.Or. Dec. 18, 2001.) Therefore, I will deduct from the block billing the time that I find primarily clerical in nature.

Mr. Linerud block billed 3 hours for preparing a summons, Complaint, and civil cover sheet with attachment. (Doc. 21 at 3, service billed 5/28/08.) Preparing a summons and civil cover sheet with attachment is primarily clerical in nature. I therefore deduct the time for these two tasks. A review of plaintiff's complaint reveals that it is 4 pages long and primarily consists of boilerplate language. (Doc. 2.) I determine that three quarters of an hour (.75) is a reasonable amount of time for an attorney of Mr. Linerud's skill level to

8 Opinion and Order

spend preparing such a complaint.[2]  Thus, the block billed 3 hours for services on May 28, 2008 is reduced to .75 hours with a fee award of $124.85 (.75 x $166.46).

Mr. Linerud block billed 2 hours for drafting an EAJA application, affidavit of counsel, and itemized billing statement on March 23, 2009.  Preparing an itemized billing statement is a primarily clerical task; accordingly, I will deduct the time for this task.  The EAJA fee motion (doc. 20) and the affidavit/declaration of counsel (doc. 21) together are, at most, three pages long.  The motion and affidavit/declaration consist mostly of boilerplate language and their preparation would have required filling in the caption of the instant case (a clerical task) and inserting the language specific to this case—which was approximately four sentences.  Accordingly, I reduce the block billed 2 hours for services on March 23, 2009 to 30 minutes (.5) with a fee award of $83.23 (.5 x $166.46).

This leaves 24.25 block billed hours (the original 29.25 hours minus the 5 discussed above).  I reduce these remaining hours by 50 percent, which leaves 14.62 block billed hours (29.25 - (.5 x 29.25)=14.62).  My decision to reduce Mr. Linerud's block billed hours by 50 percent is based on the following:  First, a careful review of documents such as the Complaint, plaintiff's

---

[2] In his declaration, Mr. Linerud states that he has devoted his practice to Social Security and one other area of law since becoming an Oregon Attorney in 1997.  The Court relied on Mr. Linerud's expertise in awarding fees above the $125 EAJA cap; however, with expertise should come efficiency.

9 Opinion and Order

brief, and the EAJA motion and affidavit/declaration reveal that these documents contained a substantial amount of boilerplate language, and this matter did not involve any particularly complex issues or matter of first impression. Webb v. Sloan, 330 F.3d 1158, 1170 (9th Cir. 2003)(concluding that a reduction in hours is appropriate if the court reasonably concludes that preparation of a motion "demanded little of counsel's time.") Next, Mr. Linerud has over ten years of experience in Social Security cases and, as such, should be able to efficiently handle routine cases. Finally, the applicant did not meet his burden of establishing that the block hours spent were reasonably necessary. Hensley, 461 U.S. at 424; Role Models Am, Inc., 353 F.3d at 971. Indeed, the evidence of Mr. Linerud's practice of substantially similar billing-despite the underlying differences in the cases, further reduces the credibility of the block billing. For all these reasons, I reduce the block billed hours to 14.62 hours with a fee award of $2,433.64 (14.62 x $166.46) for those block billed hours. Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998)(concluding that the district court did not abuse its discretion in reducing an award of attorney fees in a social security case by considering the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) and the attorney's insufficient support for his claimed hourly rate). This leaves 21.75 itemized hours for review.

B. **Primarily Clerical Tasks**

As discussed at length above, it is inappropriate in this

10 Opinion and Order

District to seek fees under a fee shifting statute for purely secretarial or clerical tasks. Frevach, 2001 WL 34039133 (D. Or. Dec. 18 2001). Mr. Linerud's declaration lists several tasks which are primarily clerical. (Doc. 21.) In an abundance of caution, however, I have erred on the side of considering anything that an attorney could reasonably bill a paying client to be an attorney task. Hensley, 461 U.S. at 434. For example, drafting a letter to a client regarding an appeal to the federal court as Mr. Linerud did on April 27, 2008, might be clerical for some attorneys,[3] but some attorneys might reasonably bill such a cost to a client. I find the following tasks to be primarily clerical in nature and I deduct them from the totals listed in the fee petition:

1. 0.50 hours-prepared fee affidavit;
2. 0.25 hours-letter to US Attorney with SSN;
3. 1.00 hours-filed summons, Complaint, civil cover sheet with attachment, IFP application;
4. 1.00 hours-served defendants by certified mail, preparation, mailing summons and complaint, 3 parties
5. 0.50 hours-prepared certificate of service
6. 0.25 hours-filed certificate of service with returned cards

(Doc. 21 at 3-4.) Accordingly, I deduct these 3.5 hours from the remaining 21.75 hours in the lodestar calculation, leaving 18.25 hours for review.

C. **Reduction for Billing in Quarter Hour Increments**

---

[3]For example, an attorney might have a boilerplate letter describing the steps of the federal appeal process that he or she used for every client with minor variation. On the other hand, if an attorney drafted an original client letter specific to the client's issue, this would be billed as attorney time.

11 Opinion and Order

The final 18.25 hours left for review are attorney tasks. The Commissioner argues they should be reduced because Mr. Linerud used 0.25 hour billing increments instead of the more accurate 0.10 hour increment. The Commissioner points out that billing in the larger 0.25 hour increments results in a request for excessive hours. As an example, the Commissioner cites 0.5 hours that Mr. Linerud billed on March 4, 2009. Mr. Linerud claimed 0.25 hours to review a "short e-mail asking him for an extension of time, then he claims another .25 hours to receive a short e-mail (two word-'no objection') agreeing to that extension." (Doc. 22 at 9.) I agree that billing in the larger 0.25 increments inflates the billing hours by billing a minimum of 15 minutes for tasks that "likely took a fraction of the time." Welch v. Metropolitan Life Insurance Co., 480 F.3d 942, 949(9th Cir. 2007).

A review of Mr. Linerud's claimed hours reveals several instances where billing in 15 minute (0.25 hour) increments resulted in excessive time claimed. Mr. Linerud billed 0.25 hours for tasks which took a fraction of that time: 0.25 hours to review the court's order granting his client's IFP status on June 24, 2008; 0.25 hours to receive and review the notice of appearance on July 2, 2008; 0.25 hours to review the Commissioners' motion for an extension of time on March 4, 2009; and another 0.25 hours on March 5, 2009 to review the court's

12 Opinion and Order

order granting the extension.[4] I will not continue to scrutinize individual entries in Mr. Linerud's invoice, but I find that Mr. Linerud often billed 15 minutes (0.25 hours) for a task he could have easily accomplished in 6 minutes (0.10). By billing in the larger and less accurate increment, Mr. Linerud has inflated his claimed hours. In order to reduce the billing to a 0.10 increment, I would have to impose an across-the-board reduction of 60 percent. However, in doing this, I would have to assume that for every fifteen minutes Mr. Linerud billed, he only worked 6. The is an unfair assumption, as it is possible-for instance, that Mr. Linerud worked 12 minutes in a fifteen minute increment. Thus, in order to reach a fair result and remedy the inflated hours while still paying Mr. Linerud for the time he worked, I reduce the remaining 18.25 hours by 30 percent. Accordingly, 5.48 hours is deducted from the lodestar. This leaves 12.77 hours (18.25-(.3 x 18.25).

### D.  Reduction for Redundant Billing

A reviewing court must ensure that "the time expended [in furtherance of each task performed] was not excessive to the task..." <u>Taylor v. Albina Cmty Bank</u>, 2002 WL 31973738 *8 (D.Or. October 2, 2002); <u>see also id</u>. at *16 ("A party is certainly free to pay its lawyers whatever it wishes, but it cannot expect to shift the cost of any redundancies and excesses to its opponent.

---

[4] I also note that Mr. Linerud not claim any time for reviewing the court's March 11, 2009 scheduling order. This omission certainly bolsters Commissioner's claim that Mr. Linerud's billing is unreliable.

13 Opinion and Order

Instead, it can only shift the reasonable attorney fee expended"). Here, a review of the itemized invoice reveals excessive and redundant billing.

For instance, on January 4, 2009, Mr. Linerud block billed 10.5 hours to research legal issues and prepare an outline of plaintiff's legal brief. The next day, January 5, 2009, Mr. Linerud billed 9.75 in an itemized billing for the first draft of plaintiff's brief. (Doc. 21 at 4.) Mr. Linerud states that he billed so much time for writing the first draft because he "formulated 15 different arguments" which were all "fully developed." (Doc. 24 at 7-8.) During further redrafting-which occurred the next day, Mr. Linerud asserts that he pared down and merged several arguments, resulting in the three which were included in plaintiff's final brief. (Doc. 24 at 8.) Mr. Linerud's assertions do not adequately document why someone of his level of experience would need to spend 9.75 hours on the first draft of a fairly routine brief, especially having spent 10.50 hours researching and outlining the legal issues in said brief the day before. Welch, 480 F.3d at 949-50. I find that the time expended was excessive to the task and should be reduced. I find that a 20 percent reduction, or 1.98 hours, to the time spent drafting the first draft of plaintiff's brief is appropriate. This leaves 10.79 hours in the itemized hours claimed.

## Conclusion

As discussed above, I considered the block billed hours and

14 Opinion and Order

the itemized hours separately.

From the 29.25 block billed hours, I deducted 5 primarily clerical hours, leaving 24.25 block billed hours. I found that a 50 percent reduction to the block billed hours, or 14.63 hours was appropriate. Therefore, for the 14.62 remaining block billed hours plaintiff is entitled to $2,433.64.

From the remaining 21.75 itemized hours, I deducted 3.5 hours for purely clerical work. I reduced those hours by an additional 7.46 hours. For the remaining 10.79 hours plaintiff is entitled to $1,796.10.

Although the Commissioner argues that the fees should be paid directly to plaintiff, I find, after a reading of plaintiff's fee agreement that plaintiff has agreed to have any awarded fees paid directly to Mr. Linerud.

IT ORDERED that plaintiff is awarded attorney fees under the EAJA in the amount of $4,229.74. This amount is to be paid, according to plaintiff's fee agreement, directly to Mr. Linerud.

Dated this 16th day of June, 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge

15 Opinion and Order